Baker *v.* Joseph.

---

## BAKER *v.* JOSEPH.

WHERE plaintiff deposits money with defendant, to be loaned out from time to time, the interest to be collected, and principal and interest held by him for plaintiff until called for, there is a continuous trust, and the Statute of Limitations does not begin to run in favor of defendant until after demand made by plaintiff.

In such case, if defendant used the money himself, he would be like a guardian using his ward's money, and be regarded as a borrower upon the same terms upon which he could have loaned to others.

As to whether proof of the conventional rate of interest in San Francisco during the time defendant held plaintiff's money was admissible, stated.

An objection that one of two counts in a complaint is an equitable cause of action, and should not be tried by a jury, must be taken at the time, and cannot be urged on appeal, if not so taken.

Where a witness is sought to be impeached by proof of contradictory statements alleged to have been made by him, the precise matter of these contradictions, and the time and place of the contradictory statements must be brought to the knowledge of the witness on cross-examination.

And this rule as to evidence of contradictory statements, applies equally to evidence of declarations or acts of hostility or ill feeling on the part of the witness. There is no distinction between admitting declarations of hostility of the witness, by way of impairing the force of his testimony, and admitting contradictory statements, so far as this rule is concerned.

Where the objection to such impeaching evidence was general, and the Court excluded the testimony without assigning any reason, the Supreme Court will presume in favor of the correctness of the action of the Court below; and the appellant must show error to his prejudice, by putting his exceptions in the proper shape.

It cannot be assigned for error in the Supreme Court, that the Court below refused a nonsuit because of no demand made before suit, unless that ground of nonsuit was taken below.

Verdict on contradictory proof not interfered with by the Supreme Court.

Motions for new trial on the ground of newly discovered evidence, regarded with

distrust and disfavor, and the strictest showing of diligence and all other facts necessary, is required. This is especially true when the new testimony is to impeach a witness on the trial, or is merely cumulative. The party must show by his own affidavit that he did not know of this evidence, and could not by due diligence have obtained it; the affidavit of a witness is not sufficient. (In this case, the party himself was present.)

APPEAL from the Twelfth District.

The facts are sufficiently stated in the opinion. The motion for nonsuit was made on the ground that the evidence did not support or prove a right to recover on either.count.

Verdict for plaintiff, judgment accordingly. Defendant appeals.

*Geo. F. & W. H. Sharp,* for Appellant.

I. The Statute of Limitations was a good plea in bar, whether the plaintiff's proceeding be considered as at law or in equity. (7 Johns. Ch. 110–115; 11 B. Monroe, 161; 20 Johns. 583; Hill on Trustees, note p. 72–3; *White* v. *White,* 1 Md. Ch. Dec. 53; 3 Gill & J. 390.)

II. The Court erred in ruling out the evidence offered as to the feeling of the witness Oppenheim, and as to his contradictory statements. (*Atwood* v. *Welton,* 7 Conn. 66, 70; *Daggett* v. *Tallman,* 8 Id. 169, 177–8; Swift on Ev. 148; Starkie on Ev. 135; *Stark* v. *The People,* 5 Denio, 106; *Newton* v. *Harris,* 2 Selden, 345; *Morgan* v. *Frees,* 15 Barb. 352; *Daniel* v. *Conrad,* 4 Leigh, 401, 405–6; Cow. & Hill's notes to Ph. on Ev. 1 vol. 765; *Thomas* v. *David,* 7 Car & Paine, 350; *People* v. *Moore,* 15 Wend. 423; Green on Ev. vol. 1, sec. 449; *Howard* v. *The City Fire Insurance Co.* 4 Denio, 502; *Tucker* v. *Walsh,* 17 Mass. 160; *Hodges* v. *Clapp,* 22 Conn. 262; *Crawley* v. *Page,* 7 Car. & P. 789.)

III. The Court below erred in refusing to nonsuit respondent. No action could be maintained by respondent without a demand before suit—none at all was proved, and the transcript shows all the evidence given at the trial is contained in statement. (*Cooley* v. *Betts,* 24 Wend. 203; *Rathbun* v. *Ingalls,* 7 Id. 320.)

IV. The verdict and judgment are clearly against evidence.

V. Appellant is entitled to a new trial, on the ground of newly discovered evidence, as he brings his case within all the prerequisites governing such applications.

Baker *v.* Joseph.

*Stanly & Hayes,* for Respondent.

I.   The circumstances stated in the complaint, out of which the cause of action, be it legal or equitable, arose, are such as to take the case out of the Statute of Limitations.   This is a case of trust.   ( 1 Greenl. Cruise, 338, note 1; Bouvier's Law Dic. "Trust;" *Day* v. *Roth,* 18 N. Y. 452.)

II.   Even if the statute could be pleaded, it has not run, because the action only accrued after demand.   ( 2 Pothier on Obl. 126, ed. of 1806; Angel on Lim. 176–7; *Downes* v. *Phœnix Bank,* 6 Hill, 298; Hill on Trustees, note 2, 388 and text; *Bush* v. *Barr,* 1 Watts, 330; 4 Harring. 270; *Kane* v. *Bloodgood,* 7 Johns. Ch. 122; *Murray* v. *Costan,* 20 Johns. 585.)

III.   The objection to a jury trial upon both counts of the complaint cannot now be taken.   (*Natoma W. and M. Co.* v. *Clarkin,* 14 Cal.; Broom's Legal Max. 122; Pr. Act, secs. 44, 45; *Page* v. *O'Neal,* 12 Cal.; *Pfeiffer* v. *Reihn,* 13 Id.; 17 N. Y. 275.)

IV.   The evidence as to the feeling of the witness, Oppenheim, was properly excluded.   ( 1 Greenl. Ev. sec. 462, (3) *et* notes and *post;* 2 Phillips on Ev. 435–6; 1 Starkie Ev. 185; *Angus* v. *Smith,* 22 Eng. C. L. 360; *Carpenter* v. *Wall,* 39 Id. 234; *Kimball* v. *Davis,* 19 Wend. 437; *Palmer* v. *Haight,* 2 Barb. 211; *Sprague* v. *Caldwell,* 12 Id. 516; *Nelson* v. *Iverson,* 24 Ala. 14.)

V.   As to whether a demand was proven, is immaterial.   The want of it was not stated as a ground of nonsuit, the only time when the point could have been made.   (*Kiler* v. *Kimbal,* 10 Cal. 267.)   After verdict the proof will be presumed.

VI.   As to newly discovered evidence as a ground for new trial, defendant did not bring himself within the law.   No diligence is shown. He does not show that he was ignorant of it on the trial.   ( 3 Vt. 151; 3 Graham on New Trials, 1021–6, 1071, 1073; 1 Id. 472; 3 Cal. 37.)

BALDWIN, J. delivered the opinion of the Court — COPE, J. and FIELD, C. J. concurring.

This suit was brought to recover of the defendant several sums of money, which the plaintiff alleges the defendant owes him and refuses to pay.   The complaint alleges that the plaintiff, being about to leave this State for the East, in April, 1854, deposited with the defendant some $6,000, to be invested by the latter for him in loans at interest, and the principal and interest to be paid to plaintiff on request.   That

when he returned, December 1st, 1858, he demanded the money of the defendant, who refused to pay. The complaint avers that the defendant did not invest this money, but applied it to his own uses; and this fact the plaintiff ascertained since his return. A second count in the complaint is, that the defendant, as agent for plaintiff, collected some $2,700 of rents on property of plaintiff in this State, to be accounted for and paid over on request, etc.

Defendant, in his answer, denied the averments of the complaint, and set up the Statute of Limitations of three years; also set up a counter claim of $17,000, for money paid, etc. The case was tried by a jury, who found a verdict for the plaintiff. A motion was made for a new trial, on several grounds—for newly discovered evidence among other causes—and overruled. To the plea of the Statute of Limitations, the plaintiff demurred, and the Court sustained the demurrer.

Several errors are assigned, which we will consider in their order.

1. That the Court improperly sustained the demurrer to the plea of the Statute of Limitations. This defense is in these words: " And for further plea in this behalf, the said defendant says that the said plaintiff ought not to have or maintain his aforesaid action thereof against him, because he says that the said defendant did not, at any time within three years next before the filing of the plaintiff's complaint, undertake and promise, in manner and form as the plaintiff has complained against him in the first count of his said complaint." The obvious answer to this objection is, that, according to the complaint, this money was deposited with Joseph to be loaned out, from time to time, the interest collected, and the principal and interest held and kept by him for the plaintiff, until the plaintiff called for it. This was a continuous trust. The *gravamen* of the action is not that this promise to loan the money was made, but that it was broken, the plaintiff insisting that Joseph did not and would not pay over this money when demanded. But if the contract were as averred in the complaint, and the defendant received the money on this agreement, the mere failure to loan the money would not place Joseph in any better situation than if he had complied with his contract. If he chose to use this money himself, he would be like a guardian using his ward's money, in which case he is regarded as a borrower, upon the same terms upon which he could have loaned to others. (See the case of *Bryan* v. *Craig*, 12 Ala. 358.) But whether he loaned it or not, or whatever the responsibilities incurred by him for not loaning it, the repayment of the money received was

Baker *v.* Joseph.

not to be made until demanded by plaintiff, and this was not done, according to the bill, until December, 1858. The statute, of course, does not commence to run from the making of a contract, but from the breach of it; and a depository is not in default, as a general rule, until demand. This, it seems to us, is an answer to the first error assigned by the appellant.

2. The next assigned error is, that proof was improperly admitted of the conventional rate of interest in San Francisco. There is no force in this objection. There was no specific reason given for the objection to this testimony. As a part of the general matters involved, or as explanatory of the motives, intent or for the delay to call for the money, or to make demand, or the inducements to invest here, this proof *might* have *some* bearing. Besides, the Court instructed the jury to disregard this proof, and it could, after this, have had no influence on the verdict. The result seems to show that it had none.

3. Whether the trial by the jury upon both counts was proper or not, we cannot now inquire. The defendant should have objected at the time. (See *Smith* v. *Brannan*, 13 Cal.)

4. It is said that the Court erred in excluding proof of the state of feeling of the witnesses Oppenheim and Brooks. On cross-examination, Oppenheim testified that he had no animosity towards Joseph. He also testified that, "since the commencement of this suit, and at no other time, I never stated to Mrs. Fox that I would ruin defendant, or words to that effect." The appellant offered to prove by Fox that, in conversation with appellant, held about the time of the commencement of this action, Oppenheim told him he would ruin the defendant. Some other testimony of like import was offered and rejected. The ground of this rejection was the obvious one that the questions were not directly put to the witness, whether he had made these statements, and proper information as to time and place, and the precise matter which was to be used against him given, so that an opportunity might be afforded to rebut or to explain it. It is unquestionable that where a witness is sought to be impeached by proof of contradictory statements, made or alleged to have been made by him, it must be brought to the knowledge of the witness what the precise matter of these contradictions is, and the time and place of making them. This rule is based upon a principle of justice, which requires that the witness have a fair opportunity of explaining what, without such explanation, might appear to be suspicious. But it is said that the same rule does not hold in regard

to expressions of hostility or ill feeling on the part of the witness. It is argued that the value and weight of testimony, in some degree, depend upon the state of feeling of a witness; that a witness, whose feelings are embittered against a party, is not so worthy of credence as a witness standing indifferent; and that, therefore, proof of this state of unfriendly feeling is admissible, as independent evidence affecting the testimony of the witness. This distinction is more plausible than sound. No mode of ascertaining the state of feeling of the witness exists, except that disclosed by the declarations or the acts of the witness sought to be impeached by these declarations. The same principle, which assures to him the privilege of explanation when contradictory declarations are offered, applies to assure him the right of explanation, when declarations of hostility are sought to be introduced. In effect, it is attempted to be shown that the witness has asserted, directly or impliedly, something different from the present testimony; that, whereas he professes or holds himself out to be an indifferent and impartial witness, testifying without prejudice or feeling, yet, really and in fact, he is a prejudiced witness, whose passions color his testimony. The weight of authority and the reason of the rule, are as we have stated them. We can see no distinction between admitting declarations of hostility of the witness, by way of impairing the force of his testimony, and admitting contradictory statements for the same purpose, so far as this rule is concerned; for, in either case, an opportunity should be given the witness to explain what he said. We understand this doctrine to be laid down by the best standards. Thus, Ph. Ev. 2 vol. 435, says: "The rule that a witness ought to be cross-examined as to contradictory statements, before they can be admitted in evidence to impeach the credit of his testimony, has been extended not only to contradictory statements, but also to other declarations of the witness, and to acts done by him through the medium of declarations or words; so that, if it is intended to offer evidence of former declarations of a witness, or of acts done by him touching the cause, not with a view to *contradict* his statement upon oath, but for the purpose of *discrediting* him as a corrupt witness, or as one who would corrupt other witnesses, in this case also, it has been determined that the witness should be previously questioned as to them in cross-examination. This appears from an answer of the Judges to a question put to them by the House of Lords, in the course of the proceedings before referred to. The question was in the following words: 'If a witness in support of a prose-

Baker *v.* Joseph.

cution has been examined in chief, and has not been asked in cross-examinations as to declarations made by him, or as to acts done by him, to procure persons corruptly to give evidence in support of the prosecution, whether it would be competent to the party accused to examine witnesses in his defense, for the purpose of proving such declarations or acts, without first calling back the witness to be examined or cross-examined as to the fact whether he ever made such declarations or did such acts?'    Another question was the following : 'If a witness, called on the part of a plaintiff or prosecutor, gives evidence against the defendant, and if, after the cross-examination of the witness by the defendant's counsel, they discover that the witness so examined has corrupted, or endeavored to corrupt, another person to give false testimony in such case ; whether the defendant's counsel may not be permitted to give evidence of such corrupt act of the witness, without calling him back?'    The Judges were of opinion, on both questions, that the proposed proof could not be adduced without a previous cross-examination of the witness as to the subject matter.    'The general rule,' says the Lord Chief Justice, 'and the general practice is this : If it be intended to bring the credit of a witness into question, by proof of anything that he may have said or declared touching the cause, the witness is first asked, upon cross-examination, whether or no he has said or declared that which is intended to be proved.'    (*Carpenter* v. *Wall*, 11 A. & E. 803 ; 2 Barb. 211; 12 Id. 596; 1 Greenl. Ev. sec. 462.)    This author says that the rule is extended, not only to contradictory statements by the witness, but to other declarations, and to acts done by him through the medium of verbal communications or correspondence, which are offered with the view to contradict his testimony in chief, or to prove him a corrupt witness himself, or to have been guilty of attempting to corrupt others."

The offer to introduce the proof of the declarations of the witnesses, Oppenheim and Brooks, did not meet the requirements of the rule, as laid down in the Queen's case, and now generally recognized.    There was no such specification of time, place and occasion as to give to the witness the full opportunity of explanation.    The objection of the plaintiff was general ; and no reason is given for the exclusion by the Court.    We must presume in favor of the correctness of the action of the Court, and it rests upon the appellant to show error to his prejudice.    The defendant was bound to put his exception in such shape as to show this error.    This he seems not to have done.    Indeed, it does

not appear what, or that any questions were put to the witnesses on their cross-examination.

5. It is next assigned that the Court refused to nonsuit the plaintiff, because no demand was proven before suit. But this point, if it could have been well taken below, is not available here—this ground not having been taken before the District Court.

6. It is insisted that the verdict is against the weight of evidence. We have gone over the proofs in the cause, and they certainly present a very strong case, upon facts and inferences, in favor of either of the opposing theories of the parties. But the positive testimony of the plaintiff's witnesses was before the jury, and, however plausible the argument against their statements, we cannot, upon well settled principles, interfere with the verdict.

7. The last assignment involves the question of the denial of the motion for a new trial, on the ground of newly discovered evidence. Applications for this cause are regarded with distrust and disfavor. The temptations are so strong to make a favorable showing, after a defeat in an angry and bitter controversy involving considerable interests, and the circumstance that testimony has just been discovered, when it is too late to introduce it, so suspicious, that Courts require the very strictest showing to be made of diligence, and all other facts necessary to give effect to the claim. Especially is the rule held in its strictness, when the new testimony is to impeach a witness on the trial, or is merely cumulative. So it is said by Graham and W. on New Trials (1 vol. 473). "The party applying on the ground of newly discovered evidence, must make his diligence apparent; for if it is even left doubtful that he knew of the evidence, he will not succeed in his application."

The affidavit of Joseph shows no compliance with this rule. He must show by his own affidavit that he had not this knowledge, and could not by due diligence have obtained it. The affidavit of a witness is not enough.

In this case, the affidavit of Joseph seems to ignore the exercise of diligence, in procuring this testimony now professed to have been discovered.

Much must be left to the discretion of the Judge below in passing upon these applications; and we should interfere with great reluctance with his action.

Judgment affirmed.