[No. 3,270.]

## RICHARD JONES v. JOHN SINGLETON et al.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—When, in ejectment, the parties claim title derived from a common source, and the defendant, to show his title the oldest, relies on a purchase made, and a note given for part of the purchase money, and a bond for a conveyance, executed to him by the common grantor, which bond is claimed to be lost, and proves that it was the grantor's custom to give a bond when credit was given, and the plaintiff recovers judgment, a subsequent discovery of the note is sufficient ground on which to grant a new trial.

DILIGENCE.—Diligence, or the want of it, in discovering testimony in a particular case, depends in so great a degree upon the various circumstances surrounding the parties, and the conduct of the cause, which are peculiarly within the knowledge of the trial Court, that its determination on the matter of granting a new trial made in view of them will rarely be disturbed.

APPEAL from the District Court of the Sixth Judicial District, Sacramento County.

This was an action to recover possession of lot number one, in the block bounded by K and L and Fifth and Sixth streets, in the City of Sacramento. The plaintiff claimed title under a deed alleged to have been made by Sutter, Jr., to Brannan, Bruce, Graham, and Wetzlar, on the 20th of June, 1850. To rebut this title the defendants allege, among other things, that prior to June 1st, 1849, Sutter, Jr., by Burnett,

who was his attorney in fact for the sale of town lots in Sacramento, sold the premises in controversy to Woodford Holman, giving him a bond for a deed, and that on the 15th of January, 1850, Holman paid the purchase money, and received the deed from Burnett, as attorney in fact of Sutter, Jr. On the trial the defendants introduced evidence tending to show that at the time Holman purchased the land he paid two hundred dollars of the purchase money in cash, and gave a note for the remaining eight hundred dollars. By the testimony of Burnett they proved that it was his " uniform practice, in all cases where the purchase money was not all paid at the date of the sale, to execute a bond." The bond was not produced. Judgment was rendered for the plaintiff, on the ground that the defendant had failed to prove the sale by Burnett to Holman. The defendants moved for a new trial, on the ground of newly discovered evidence, filing in support of the motion an affidavit by Bell, the agent of Holman, showing that he had discovered among the papers of Holman a promissory note for eight hundred dollars, drawn in favor of Sutter, Jr., signed by Holman, and dated June 10th, 1849. The motion for a new trial was granted, and the plaintiff appealed from the order. This case is the same in every material particular as *Talbert* v. *Singleton*, 42 Cal. 390. The defendants in each case were the same, and the facts the same, except the failure to produce the bond left the question of a sale to Holman in doubt in the mind of the Judge.

*Bowie & Catlin* and *Edgerton & Poorman*, for Appellant, argued that as Bell had been a witness for the defendants on the trial, ordinary diligence would have then elicited from him the facts expected to be proved by him on a new trial. Having failed to use such diligence, the defendants should not be allowed a new trial.

*Coffroth & Spaulding, Beatty & Denson*, and *J. W. Armstrong*, for Respondents.

The existence of the note was not known until the close of the trial, and therefore there was no want of diligence as to the testimony of Bell. The fact having been established that it was Burnett's custom to give a bond for a deed where part of the purchase money remained unpaid, the note would be proof of the fact that the bond was given as alleged by defendants.

By the Court:

The application for a new trial was granted upon the ground of newly discovered evidence. It appears that after the trial of the cause the defendants discovered for the first time that the promissory note of Holman to John A. Sutter, Jr., bearing date June 10th, 1849, was in existence. It had been proven at the trial that the uniform habit of the agent of Sutter, in selling lots in Sacramento City, was to give a bond for a conveyance when any part of the purchase money was unpaid, and assuming it to be the fact that such was his uniform practice, the discovery of the Holman note would be of importance little short of the discovery, had such been made, of the bond to Holman. The importance of the note of Holman as evidence upon the issues made is, in this view, most obvious.

As to the question of diligence involved in the application, it having been determined in favor of the defendants by the trial Court in granting the application, it would require a clear case of the absence of reasonable diligence to be shown by the record before we would deem it our duty to disturb the conclusion arrived at by that Court. Diligence, or the want of it, in a particular case, depends in so great a degree upon the various circumstances surround-

ing the parties and the conduct of the cause, which are pe-
culiarly within the knowledge of the trial Court, that its
determination, made in view of them, would rarely be inter-
fered with by us.

Order affirmed.