KAMIHANA (W) *vs.* H. F. GLADE, Administrator of H. SCHRIEVER.

QUESTION RESERVED.

OCTOBER TERM, 1885.

JUDD, C. J.; McCULLY and PRESTON, JJ.

An express trust in personal property may be created, by parol, and, if continuing, is not within the Statute of Limitations.

Plaintiff claimed to recover, from the administrators of her employer, wages for domestic service; and alleged that the decedent promised to take care of the wages and give them to her when she got old.

Held, under the rule that the subject, the purposes, and the beneficiary of a trust must be clearly ascertained, that the evidence failed to show that a trust was created; and therefore the Statute of Limitations would run against the claim.

Verdict for amount due plaintiff for the last six years allowed to stand.

OPINION OF THE COURT, BY JUDD, C. J.

THIS is an action of assumpsit to recover $3,720 for work and labor alleged to have been done by plaintiff for the deceased intestate. The bill of particulars claims wages from the year 1853 to 1884, at $10 per month, said pay having been retained by said Schriever from month to month as the same became due, he agreeing with plaintiff to hold the same in trust for her and subject to her order, and no demand having been made therefor until June 5th, 1885, upon the administrator, who disallowed the same.

The answer is general issue, and the statute of limitations is pleaded.

At the trial the following questions were reserved for the consideration of the full Court.

I. Whether or not the evidence introduced by plaintiffs in

the above case is sufficient in law to establish an express and continuing trust.

II. Whether or not the declarations of intestate to plaintiff or others, made within six years from the time of bringing this action, were sufficient to revive the debt, provided the statute of limitations is held to have run against plaintiff in the first instance.

Under instructions the jury found a special verdict, assessing the amount due for six years last past at $720, and for the whole period covered by the complaint at $2,160.

Counsel for plaintiff, Kinney & Peterson, submit the following :

" Express trusts in personal property may be created by parol. Wood on Limitations, Sec. 301 ; 18 N. Y. 448."

"Express and continuous trusts are not within the statute of limitations.    27 Cal. 275 ; 16 Cal. 173."

" By the death of Schriever, this trust lapsed into a simple chose in action cognizable by a court of law, and the statute has begun to run against it.    111 Mass. 195 ; 27 Cal. 275."

"Counsel for defendant admits the above propositions of law, and rests his whole defense on the point that the evidence adduced is not sufficient to prove an express and continuous trust."

" We take it that the case in 18 N. Y., cited above, states correctly the principle governing this case, and we submit that all that can be asked of the evidence is—does it clearly show that the money was left in trust, and are its terms sufficiently clear to enable the Court to execute it ?"

"The following language was used by Schriever, as in evidence : 'Schriever said he would take care of my money until I got old, and then he would give it to me. I consented. He always said you will not be *pilikia* about your money, I will take care of it.'  During his last sickness he said, 'no trouble about your money, you have got money.'  Schriever told Meyer that plaintiff 'has let stand her wages since 1853, and if she lets it go on she will have something to live on.'"

"It would hardly be satisfactory to hold that the evidence was insufficient unless it was shown specially in what respect."

"We have Meyer's statement of Schriever's declarations, which was a clear acknowledgment and recognition of the trust."

"It is not the fault of the Court if our statute of limitations or of frauds is not broad enough. The Legislature can remedy it."

"We submit further that there was an acknowledgment of the debt in Schriever's last illness to plaintiff sufficient to take it out of the statute."

"No such specific promise as claimed by counsel is necessary."

"Any words from which a promise to pay or any acknowledgment of the debt can be inferred, such as the language used, 'There is no *pilikia* about your money, that is all right, you have money,' and 'I'm going down to-morrow morning to put Kamihana's money in the bank and give her the book,' is sufficient to take the case out of the statute. Wood on Limitations, p. 128, and following:"

"It is not necessary that it should be in writing, unless the statute of limitations expressly so states. Wood on Limitations, p. 209 and cases cited."

### By the Court.

We think the law is correctly stated by the plaintiff's counsel. An express trust in personal property may be created by parol; and such, if continuing, is not within the statute of limitations.

Our statute of frauds does not contain the seventh section that all declarations or creations of trust or confidence in any lands, tenements or hereditaments shall be manifested and proved by some writing signed by the party who is by law to declare such trust, or by his last will in writing, or else they shall be utterly void and of none effect.

Mr. Perry, in his work on trusts, Sec. 86, says: "Personal chattels are not within the terms of the statute, and trusts in personal property may be declared and proved by parol, though Mr. Eden said that he had not been able to find an instance of a declaration of trust of personal property carried into execution. And certainly the English cases, usually referred to, do not establish the proposition in express terms. There does not seem to be any objection, however, to the establishment of a trust in personal property by parol. The owner, in the absence of a statute, has entire control of it, and he can sell and transfer it without writing and by parol; there is no reason why he may not transfer it upon

such lawful terms, and to such uses and trusts as he may desire. It has been so ruled in express decisions in the United States."

It now becomes necessary to review the evidence, which, it is claimed, establishes the trust. Plaintiff lived with the deceased intestate for some thirty years, attending to his domestic wants, doing the cooking and washing, and such labor as she was able. She lived in the same house with Schriever, ate from his table, received money from him for her clothes, as she needed it. Schreiver also supported and educated her sons, who bore his name, they in turn doing farm work for him. Now, the plaintiff says she was to receive ten dollars per month as wages, and that Schriever often said, "I will take care of your money, and when you get old I will give it to you. If you take your wages now you will spend it, and it will soon be gone." So far from this proving a declaration that Schriever held this money in trust for plaintiff, a dishonest person, who wished to evade payment of wages to a servant, might use the same language and never intend paying.

It is well settled that "the subject matter of the trust must be clearly ascertained, as well as the purposes of the trust and the persons who are to take the beneficial interests. Loose, vague and indefinite expressions are insufficient to create the trust." Perry, Sec. 86.

In our case, the amount of money, the subject matter of the trust, was not ascertained until the verdict of the jury. There is no evidence that deceased had or kept this money, or any part of it, separate from his own property, or had any fund which he treated as plaintiff's property. The most that can be said in favor of its certainty, is that it was to be ten dollars per month, less such sums as she might draw for her own use. It is evident from the testimony of Meyer that Schriever, in his last illness, wished to make some provision out of his own property for this woman who had been for many years his faithful housekeeper, but mentioned no definite sum of money. He failed, in our view of the testimony, to make such a clear and explicit declaration as would create a trust. We are, therefore, of the opinion that no trust was created, and, therefore, the statute of limitations would run against the claim.

But the verdict may stand for $720, the amount found by the jury due plaintiff for six years last past. Schriever's declarations to Meyer were sufficient to prove a contract for wages at ten dollars per month.

Judgment accordingly.

*Kinney & Peterson*, for plaintiff.

*P. Neumann*, for defendant.

Honolulu, December 14, 1885.