[No. 15522.    Department One.—December 4, 1894.]

104 668
129 693

104 668
131 152

104 668
139 175

## J. P. E. HEINTZ, Appellant, *v.* J. B. H. COOPER, Respondent.

New Trial—Newly Discovered Evidence—Absence of Diligence—Discretion.—The granting of a new trial for newly discovered evidence of a material nature is so peculiarly within the discretion of the trial court, that the absence of a showing of diligence must be very marked upon the record to justify an interference with such discretion.

Id.—Diligence Relative to Circumstances.—Diligence is a relative term, incapable of exact definition, and depends essentially upon the particular circumstances f each case.

Id.—Presumption of Proper Exercise of Discretion.—The presumption is that discretion has been properly exercised, and that presumption must be overcome by a clear want of facts before the order will be disturbed.

Appeal from an order of the Superior Court of Monterey County granting a new trial.

The facts are stated in the opinion of the court.

*W. A. Kearney*, for Appellant.

The order granting a new trial was erroneous, as the affidavit as to newly discovered evidence did not even attempt to show diligence or contain any allegation of it. (*Jacks* v. *Cooke*, 6 Cal. 164; *Weimer* v. *Lowery*, 11 Cal. 113; *Baker* v. *Joseph*, 16 Cal. 173; *Klockenbaum* v. *Pierson*, 22 Cal. 160; *People* v. *Miller*, 33 Cal. 99; *Stoakes* v. *Monroe*, 36 Cal. 383; *Jones* v. *Jones*, 38 Cal. 585; *Butler* v. *Vassault*, 40 Cal. 74; *Jones* v. *Singleton*, 45 Cal. 92; *People* v. *Lewis*, 61 Cal. 366; *Moran* v. *Abbey*, 63 Cal. 56; *Ross* v. *Sedgwick*, 69 Cal. 247; *People* v. *McCurdy*, 68

Cal. 576; *People* v. *Lyle*, 4 West Coast Rep. 349; *People* v. *Howard*, 74 Cal. 547; *People* v. *Ching Hing Chang*, 74 Cal. 389; *People* v. *Sutton*, 73 Cal. 243; *People* v. *Leong Yune Gun*, 77 Cal. 636; Hilliard on New Trials, 379.)

*S. F. Geil*, and *John J. Wyatt*, for Respondent.

The question of diligence or want of it is one that rests very largely in the discretion of the trial court, and this discretion of the court will be presumed to have been properly exercised, and will not be interfered with except in case of an abuse. (*Jones* v. *Singleton*, 45 Cal. 92; *Baker* v. *Joseph*, 16 Cal. 180; *People* v. *Howard*, 74 Cal. 547; *People* v. *Sutton*, 73 Cal. 243; *People* v. *Urquidas*, 96 Cal. 241; Hayne on New Trial and Appeal, sec. 87; *Kenezleber* v. *Wahl*, 92 Cal. 202; *White* v. *Merrill*, 82 Cal. 14; *Hobler* v. *Cole*, 49 Cal. 250.)

VAN FLEET, J.—This is an appeal by plaintiff from an order granting the defendant's motion for a new trial. The motion was made upon several grounds, among which was that of newly discovered evidence, and the order granting the motion specifies the latter as the ground upon which the new trial is granted.

. The appellant does not deny that the showing was sufficient to warrant the court in holding the evidence newly discovered, and that it was material, but the sole ground upon which he urges a reversal of the order is that there was no sufficient showing of diligence. We have carefully examined the record with this objection in view, and we are unable after such examination to say that the showing upon the point urged is so devoid of merit as to make the action of the court amount to an abuse of discretion. The granting of a new trial upon this ground is so peculiarly within the discretion of the trial court that the record must be very bald indeed which will induce this court to interfere with its action. And that this should be so is perfectly obvious. Diligence is a relative term incapable of exact definition. What would amount to due diligence under one state of

facts would fall absolutely short of it under another and different state of facts. It depends, therefore, so essentially upon the particular circumstances of each case, with all their distinct and varying phases and bearings, as they have appeared to the lower court, at the trial and throughout the conduct of the cause, in determining whether diligence has been used in any particular instance, that this court should hesitate to disturb a ruling upon this ground where it has any substance whatever upon which to rest. The presumption is that the discretion has been properly exercised, and that presumption must be overcome by a clear want of facts before the order will be disturbed. (See *Jones* v. *Singleton*, 45 Cal. 92; *Baker* v. *Joseph*, 16 Cal. 180; *Kenezleber* v. *Wahl*, 92 Cal. 202.) There is no such want in the showing made here. The action was to recover for surgical and medical services rendered defendant while suffering from a broken leg. The complaint contained two counts, one upon an account stated and the second upon *quantum meruit*. Both the existence of an account stated and the value of the services were denied. At the trial there arose a sharp conflict in the evidence as to the value of the services, but the positive testimony upon the question whether the account had become a stated account was confined solely to that given by the plaintiff. on the one part and the defendant on the other, and between whom there was a contradiction, the plaintiff testifying that defendant made no objection to the amount of his bill—at least until some time after it was rendered—and defendant testifying that he had. It did appear, however, that the defendant immediately discharged plaintiff upon receiving his bill, and shortly after sent him a check for five hundred dollars; and defendant, within a day or so thereafter, had himself removed from the town of Monterey, where he then was, to San Francisco, and put in charge of another physician. The court found the account had become stated, and gave judgment for the full amount demanded. The newly discovered evidence is all ad-

dressed to the point whether there was a stated account between the parties, and the principal feature of it is that given by the affidavit of one Concepcion Speegle, a woman who lived at the house in Monterey where defendant was confined with his broken limb. She says, in substance, that just before defendant was removed to San Francisco she heard Dr. Heintz, the plaintiff, say that defendant would not pay his bill because defendant said it was too large and excessive; that defendant was ill and confined to his bed at the time, and that she never informed defendant or his attorney of what Dr. Heintz had said until after the trial of this case. The materiality of this evidence, as above suggested, is not denied, but appellant claims that with any sort of diligence defendant could have informed himself of it in time to produce it at the trial. But it does not appear that there was any thing to put defendant upon inquiry for any such evidence. The witness, it seems, said nothing about the circumstance, and very likely thought little, if any thing, of it; she lived at the time, it is true, in the same house with defendant, but he was confined to his room, and the next day or so was taken to San Francisco, where it appears he has since resided, while the witness, we infer from the record, has continued to have her home in Monterey. The lower court might well say, under all the circumstances, that there was not an absence of diligence on the part of defendant; and, having found against him upon the issue to which the newly discovered evidence is addressed, have felt constrained, in view of the conflict as to the value of the services rendered, to grant the motion for a new trial.

Order affirmed.

GAROUTTE, J., and HARRISON, J., concurred.

Hearing in Bank denied.