[Crim. No. 131. Third Appellate District.—July 25, 1910.]

## THE PEOPLE, Respondent, v. ROBERT C. JOHNSON, Appellant.

CRIMINAL LAW—DEPOSITION OF ABSENT WITNESS FOR PEOPLE—DILIGENCE BY SHERIFF—SUBPOENA FOR PEOPLE—RELIANCE BY DEFENDANT—ABSENCE OF PREJUDICE.—Where the deposition of a witness for the people taken at the preliminary examination was relied upon by defendant, who sought to prove by the sheriff that the witness could not after due diligence be found in the state, which the court upon objection refused to permit, it is held that even if the court committed technical error in such refusal, it was without prejudice, in view of the admitted facts that defendant issued no subpoena for the witness, that one was issued for the people to the sheriff, that defendant informed the district attorney and sheriff, that he desired the attendance of the witness, and was assured by the sheriff that every effort would be made to secure his attendance, if possible, under the subpoena in his hands.

ID.—"DILIGENCE" A RELATIVE TERM—"DUE DILIGENCE."—"Diligence" is a relative term, incapable of precise or exact definition; and whether "due diligence," as contemplated by the statute, has been exercised in a given case, must depend upon the facts and circumstances of such case. What would constitute "due diligence" in one case might fall short of it under another and different state of facts.

ID.—NEGLIGENCE—RELIANCE UPON ADVERSARY FOR PRODUCTION OF WITNESS—GENERAL RULE.—As a general proposition, where a party to an action, whether civil or criminal, depends entirely upon his adversary for the production of a witness whose testimony he relies upon, and can make no further showing, negligence rather than diligence is thus disclosed.

ID.—WANT OF "DUE DILIGENCE" BY DEFENDANT.—The conduct of the defendant, in taking out no subpoena for the absent witness for the people, whose deposition and cross-examination before the magistrate he wished to use in his own behalf, under subdivision 3 of section 686 of the Penal Code, and in stating merely to the sheriff that he desired to use the absent witness at the trial, and requesting him to use every effort to secure his attendance by means of the subpoena issued to him by the district attorney, did not amount to the "due diligence" required on his part before such deposition could be read by him to the jury.

ID.—LEGAL RIGHT OF DISTRICT ATTORNEY TO WITHDRAW SUBPOENA.—The district attorney had the legal right, if he had chosen to exercise it, to withdraw the subpoena issued to him for the absent witness, and to advise the sheriff that, so far as he was concerned,

he need make no further effort to procure the attendance of the witness at the trial; and if he should do so, it must be assumed that he had a just and sufficient reason for his course.

APPEAL from a judgment of the Superior Court of Napa County, and from an order denying a new trial. Henry C. Gesford, Judge.

The facts are stated in the opinion of the court.

E. S. Bell, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

HART, J.—The defendant was convicted of the crime of manslaughter under an information accusing him of the crime of murder.

This appeal is from the judgment and the order denying defendant a new trial.

The only point made here is on the ruling of the court refusing, it is claimed, to allow the defendant to establish a foundation for the introduction in evidence of the deposition of a witness taken at the preliminary examination of the charge on which the accused was tried.

Section 686, subdivision 3, of the Penal Code, upon which counsel sought to introduce the evidence of said witness, provides, *inter alia,* that ''where the testimony of a witness on the part of the people, who is unable to give security for his appearance, has been taken conditionally in the like manner in the presence of the defendant, who has, either in person or by counsel, cross-examined or had an opportunity to cross-examine the witness, the deposition of such witness may be read, upon its being satisfactorily shown to the court that he is dead or insane, or cannot with due diligence be found within the state.''

There is no claim that the witness was dead or insane at the time of the trial.

Even if it be true that the court committed, in a strict technical sense, error in its rulings refusing to permit the defendant to make whatever showing of diligence that he could make, still we think that an examination of the admitted facts will disclose that such rulings were without prejudice.

It appears that on the close of the case for the people, counsel for defendant called the sheriff of Napa county to the witness-stand, and by him undertook to lay the foundation for the introduction in evidence of the deposition of said witness. It may be stated that it is only from the colloquy which took place between counsel for the defendant, the district attorney and the court, on objections made by the district attorney to questions put to the sheriff by counsel for defendant, that the facts may be gathered, there being no other showing in the record upon the proposition. Thus we learn that at the preliminary examination one Ira M. Wilson testified on behalf of the people. It further appears from a statement by defendant's counsel that, after the magistrate made the order committing the defendant to trial, a subpoena had been issued at the request of the district attorney, commanding said witness to appear at the trial of the defendant as a witness for the people, and that said subpoena was placed in the hands of the sheriff for service. It is admitted by counsel for the defendant that he did not himself cause a subpoena to be issued for said witness, but he stated to the court, when endeavoring to introduce proof preparatory to the introduction of Wilson's deposition, that he had talked with both the sheriff and the district attorney prior to the date fixed for the beginning of the trial, informing them that he desired Wilson as a witness for his client; that he was told by the sheriff that the latter had in his possession a subpoena for Wilson issued at the request of the people, and that he (the sheriff) was making every effort, and would continue to make every effort, to find and subpoena and have said witness at the trial; that the district attorney stated to him that he (district attorney) would exert his full power to cause the subpoena to be served and have the witness at the trial. In order to lay the foundation for the admission of Wilson's deposition in evidence, the attorney for the defendant sought to show these facts as establishing or tending to establish that the witness could not, after the exercise of "due diligence," be found within the state. The court sustained objections by the district attorney to this line of inquiry, holding that the defendant could not establish the diligence required by the statute unless he could show that he had himself caused a subpoena to be issued for the witness. In other words, the

court, in effect held that proof of the issuance of a subpoena for Wilson on the motion or at the request of the district attorney would not tend to establish "due diligence" on the part of the defendant, where the latter himself had failed to secure a subpoena for the witness; "that," to use the language of the judge, "it was the duty of the defense, if they wanted Mr. Wilson, to issue process of this court to bring him here."

It has been correctly said that "diligence" is a relative term incapable of precise or exact definition, and that whether the "due diligence" as contemplated by the statute has been exercised in a given case must be determined by and upon the facts and circumstances of such case. (See *Heintz* v. *Cooper*, 104 Cal. 669, [38 Pac. 511].) The circumstances of each case must, therefore, stand as the criteria by which the courts must determine whether the amount of diligence required has been exercised and shown. In other words, there is and can be, obviously, no iron-clad rule which of itself definitely fixes or can so fix or measure the *quantum* of diligence which will satisfy the requirements of the statute in all cases. As is said in the case we have cited, what would constitute "due diligence" in one case might fall far short of it under another and different state of facts. We think it may be safely stated, however, that, as a general proposition, where a party to an action, whether criminal or civil, depends entirely upon his adversary for the production of a witness by whose testimony he expects to sustain his action or defense, and can make no further showing, negligence rather than diligence is thus disclosed. And this seems to have been the course pursued by counsel for defendant. According to his own admissions, he took out no subpoena for Wilson, but merely stated to the sheriff that he desired to use that individual as a witness for his client, and requested the officer to put forth every effort to secure his attendance at the trial by means of the subpoena which had been issued for him at the instance of the district attorney. This action on the part of counsel for defendant did not amount to that diligence which the statute contemplates shall be shown to have been exercised in order to justify a trial court in permitting, under the terms of section 686 of the Penal Code, the deposition of an absent witness to be read to the jury. Assuming it to be true, as counsel

for the appellant declared to the court below, that the sheriff assured him that he would serve the subpoena, if possible, and thus procure Wilson's presence at the trial if he could be found within the state, and that the district attorney made substantially the same promise, which is denied by the district attorney, yet the people's attorney had the legal right, if disposed to exercise it, to withdraw his own subpoena at any time, and to advise the sheriff that, so far as he was concerned, he need make no further effort to procure the attendance of the witness at the trial. In other words, while it is the sworn duty of a district attorney to fairly and impartially prosecute persons accused of crime, and to protect as well the individual rights of an accused person as those of the whole people, whose laws he is specifically enjoined to uphold and maintain, yet there is, and must be, committed to his judgment many matters of discretion in the discharge of his duties as a public official. When he proceeds with the trial of a criminal case, it must be assumed that his investigation of the facts has persuaded him of the guilt of the accused. He is under no legal obligation to subpoena, and much less to introduce, as a witness for the people a person whose testimony he knows will be adverse to the theory of the prosecution, for, having been convinced of the guilt of the accused, it would be widely at variance with the policy of any sensible lawyer to introduce proof destructive of his case which he may perhaps believe has been conceived in a misapprehension of the facts or in a desire to exonerate the defendant through false testimony. Therefore, if in any case he should decide that he does not need or require a certain witness, and in consequence withdraws before the trial a subpoena which he had previously caused to be issued for such witness, he must be assumed to have had a just and sufficient reason for his course, and has thus acted in strict accord with his duty under the law with respect to the case as to which such subpoena has been issued, and with no purpose or desire to thereby unjustly hamper the defendant in a full and fair presentation of whatever defense he may intend to interpose to the charge alleged in the information or indictment. We do not say that the record discloses that the district attorney took this course in the case at bar. We only make these suggestions for the purpose of showing that a party should not

rely upon his adversary for the production of a witness desired by him, and that in doing so, and thus relying upon securing the attendance of the witness or a diligent effort to secure him, he cannot thereafter claim, in the absence of such witness, that he has himself exercised that diligence which alone would entitle him to have his deposition read.

It is very clear, as we have shown, that the defendant here, having relied entirely upon the subpoena issued by the people for the procurement of Wilson as a witness, and having himself admittedly taken no other steps to secure the attendance of the witness, would, had the court permitted him to prove the facts which he claims he could have shown, have utterly failed to lay such a foundation as would have justified the court in allowing Wilson's deposition to be read to the jury at the trial.

The judgment and order are affirmed.

Chipman, P. J., and Burnett, J., concurred.