[Crim. No. 951. First Appellate District, Division Two.—May 4, 1921.]

THE PEOPLE, Respondent, v. ROSENDO RAMOS, Appellant.

[1] CRIMINAL LAW—TRIAL—ATTENDANCE OF WITNESS — DILIGENCE. — The question of whether there has been due diligence exercised to secure the attendance of a witness in a criminal case is left to the discretion of the trial court, and it is only in case of an abuse of such discretion that the judgment will be reversed.

[2] ID.—GRAND LARCENY—EVIDENCE—TESTIMONY OF PROSECUTING WITNESS AT PRELIMINARY EXAMINATION—DISCRETION NOT ABUSED.— In a prosecution for grand larceny, the court did not abuse its discretion in allowing the district attorney to read to the jury the transcript of the testimony of the prosecuting witness which was taken in the police court upon the preliminary examination, where it reasonably appeared from the showing made to locate the witness that he had probably gone to sea.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Michael J. Roche, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. F. McDonald and W. Wallace Sheehan for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment upon a verdict of conviction of the crime of grand larceny. The motion of the defendant for a new trial was denied.

The point urged upon appeal is that the court erred in allowing the district attorney to read to the jury the transcript of the testimony of the prosecuting witness which was taken in the police court upon the preliminary examination. The respondent contends that the transcript of this testimony was admissible under the provisions of section 686 of the Penal Code, for the reason that the witness could not be found within the state. The objection by the appellant to the application of said section in the present case is that there was not sufficient showing of diligence on the part of the people to locate the witness and secure his attendance at the trial.

[1] Whether or not there has been due diligence is a question left to the discretion of the trial court based upon all the facts and circumstances, and "it is only in case of an abuse of such discretion that this court would be justified in reversing a criminal case where the judgment was otherwise correct. (*People* v. *Witty*, 138 Cal. 576, [72 Pac. 177]; *Renton* v. *Monnier*, 77 Cal. 450, [19 Pac. 820]; *People* v. *Melendrez*, 4 Cal. App. 399, [88 Pac. 372].)" (*People* v. *Leavens*, 12 Cal. App. 178, [106 Pac. 1103].)

[2] In the present case, after the jury had been examined and sworn, the district attorney stated in substance that he had just learned that the complaining witness, Aranda, had not been subpoenaed, and that he had been informed that he was probably across the bay, and asked that a recess be taken until 2 o'clock to see if this witness could be located. At 2 o'clock Aranda was not produced, but a police officer was placed on the stand who testified, in effect, that a few days previously he had called at the hotel where Aranda had lived at the time of the commission of the crime, and had been told that he no longer lived there, and that the management of the hotel did not know his address. He then went to see Mr. Rubio, who had acted as interpreter at the preliminary hearing, and inquired of him the where-

abouts of Aranda. He was told that Rubio thought Aranda was across the bay, but did not know exactly where. The police officer also testified that he had been in the police court at the preliminary hearing and had heard the court inquire of Aranda whether he would be present at the trial, and Aranda had said he was going away on a boat and that he did not think he would be present at the time of the trial. The police officer also stated that during the recess of the court he had called at the office of the Chilean consul, who told him that he thought Aranda had gone away on a boat, as he was a fireman and worked on boats, and that he (the Chilean consul) did not know where he was.

Rubio was also examined and stated that he had gone with the police officer to the Chilean consul and the consul had stated that Aranda had told him "that he was going on a boat, also that he got a job, but he didn't say where. He got a job on a boat." Rubio also testified that Aranda had stated at the preliminary examination that he wanted to take a trip around on a boat and did not know how long he would be gone—perhaps five or six months. This witness also testified that he did not know of any relative or any person in any way connected with Aranda who could give any information about him.

It did not appear, therefore, that the police officer had any clue to follow which would lead to a discovery of the whereabouts of this missing witness.

The trial court held that the showing was sufficient to permit the reading of the testimony given at the preliminary examination. While the testimony in that transcript was no part of the showing made upon the question of due diligence, it may not be amiss to say that a perusal of it abundantly corroborates the position of the district attorney that Aranda was at sea at the time of the trial.

In the case of *People* v. *Boyd,* 16 Cal. App. 130, 133, 134, [116 Pac. 323, 324], the court said: "As is said in *Heintz* v. *Cooper,* 104 Cal. 670, [38 Pac. 512], 'diligence is a relative term incapable of exact definition. What would amount to due diligence under one state of facts would fall absolutely short of it under another and different state of facts. It depends, therefore, so essentially upon the particular circumstances of each case, with all their distinct and varying

phases and bearings, as they have appeared to the lower court at the trial and throughout the conduct of the cause, in determining whether diligence has been used in any particular instance, that this court should hesitate to disturb a ruling upon this ground where it has any substance whatever upon which to rest. The presumption is that the discretion has been properly exercised, and that presumption must be overcome by a clear want of facts before the order will be disturbed.' (See *Jones* v. *Singleton,* 45 Cal. 92; *Baker* v. *Joseph,* 16 Cal. 180; *Kenezleber* v. *Wahl,* 92 Cal. 202, [28 Pac. 225]; *People* v. *Johnson,* 13 Cal. App. 779, [110 Pac. 965].)''

Under all the circumstances of this case, we think there was no abuse of discretion by the trial court.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.