[Crim. No. 2898. Second Appellate District, Division Two.—August 29, 1936.]

THE PEOPLE, Respondent, v. MALCOLM DANIEL HOWARD et al., Appellants.

Jesse R. Shafer and Marcus R. Brandler for Appellants.

U. S. Webb, Attorney-General, and Walter L. Bowers, Deputy Attorney-General, for Respondent.

CRAIL, P. J.—Both of the defendants were convicted of robbery. The jury also found against defendant Howard on the additional issue that he had a prior conviction in the state of Pennsylvania of the crime of larceny from the person, a felony, and had served a term of imprisonment therefor in a penal institution. The two appeals are from these judgments of conviction and from orders denying a new trial.

The complaining witness, E. W. Savage, was not present at the trial, but he had testified at the preliminary examination where each of the defendants had been represented by counsel who had cross-examined such witness. ▮ Over the objection of the defendants the trial court permitted to be read in evidence the testimony of the witness Savage given at the preliminary examination. The defendants first

contend that the overruling of this objection constituted prejudicial error.

Penal Code, section 686, subdivision 3, provides that such a deposition of an absent witness may be read "upon its being satisfactorily shown to the court that he . . . cannot with due diligence be found within the state . . . " During the trial the district attorney called the process server, also the arresting officer who assisted in trying to locate the witness, the manager of the hotel where such witness lived, his bookkeeper and his wife. It appeared from the testimony of these witnesses that the complaining witness Savage had been operating the Jack Dempsey Cafe; that he had been living at the Barbara Hotel; that he was present at the preliminary hearing on April 3, 1936, at which time he was cross-examined by counsel representing both defendants; that he continued to operate the Jack Dempsey Cafe until April 26, 1936; that on that day he told the manager of the hotel that he had gone as far as he could and that he could not pay his bills nor could he pay his hotel bills; that he had been negotiating for a week or ten days trying to sell an interest in the cafe; that he had just learned by telephone from San Diego that the deal was off and that he was just simply going to throw up his hands and quit; that he left during the same night, and that this was the last seen of him; that he took all of his personal effects with him; that he left owing the hotel and numerous other creditors; and that he left no forwarding address or other means of reaching him. The testimony relating to the efforts made to locate the missing witness is set out on pages 17 to 59 of the reporter's transcript. It would serve no useful purpose to set it forth herein; it is sufficient for the purposes of this appeal to state that a substantial showing of due diligence to locate the witness in Los Angeles County was made; that he could not be found, nor could any trace of his whereabouts be ascertained, and that no effort was made to locate him outside of such county. In the case of *People* v. *Ramos,* 52 Cal. App. 491, 492 [199 Pac. 544], the court said: "Whether or not there has been due diligence is a question left to the discretion of the trial court based upon all the facts and circumstances, and 'it is only in case of an abuse of discretion that this court would be justified

in reversing a criminal case where the judgment was otherwise correct. (Citing cases.)' "

In the case of *Heintz* v. *Cooper*, 104 Cal. 668 [38 Pac. 511], the court said: "Diligence is a relative term incapable of exact definition. What would amount to due diligence under one state of facts would fall absolutely short of it under another and different state of facts. It depends, therefore, so essentially upon the particular circumstances of each case, with all their distinct and varying phases and bearings, as they have appeared to the lower court at the trial and throughout the conduct of the cause, in determining whether diligence has been used in any particular instance, that this court should hesitate to disturb a ruling upon this ground where it has any substance whatever upon which to rest." For a case very similar to the instant case and one in which the evidence of the absent witness was permitted to be read, see *People* v. *James*, 133 Cal. App. 751 [24 Pac. (2d) 859]. Under the authority of these cases the ruling of the trial court in the matter should not be disturbed on appeal.

■ Finally, the defendant Howard contends that the court erred in ruling that the prior conviction, alleged against him, constituted a conviction of a felony. The defendant has not seen fit to give us any assistance as to the Pennsylvania law on this subject but has been content to quote at length from the case of *People* v. *De Fehr*, 81 Cal. App. 562 [254 Pac. 588], which holds that juvenile court proceedings do not come within the general classification of criminal proceedings and therefore that a sentence or conviction of any kind under juvenile court proceedings could not constitute a prior conviction of a felony. However, there is no showing whatsoever in this case that the prior conviction in Pennsylvania was under any juvenile court proceeding, and the contrary appears to be true. The record of the defendant's conviction is from a duly organized court of general criminal jurisdiction and not from a juvenile court. The institution to which he was sentenced appears to be a penal institution. It is claimed by the defendant that he was only seventeen years of age at the time of his said conviction; but the juvenile laws of Pennsylvania apply only to children under the age of sixteen years. (Title II, sec. 71, Purdon's Pa. Stats.) Of this our courts will take

judicial notice.   (Sec. 1875, subd. 3, Code Civ. Proc.)   There is no escape from the conclusion that the defendant was convicted of a felony in Pennsylvania in a duly and regularly constituted criminal proceeding.

The judgments and orders appealed from are affirmed.

Wood, J., and McComb, J., *pro tem.,* concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 28, 1936.