[Crim. No. 3146. Second Appellate District, Division Two.—December 16, 1938.]

THE PEOPLE, Respondent, v. WALTER WARREN WILSHIRE SALISBURY, Appellant.

Henry C. Huntington for Appellant.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

McCOMB, J.—Defendant entered a plea of guilty to the charge of petty theft with a prior conviction but denied having previously been convicted of a felony. The court found, after trying the defendant without a jury, that he had been previously convicted of a felony. From this finding and from an order denying his motion for a new trial defendant appeals.

Viewing the evidence most favorable to the People (respondent) the material facts are:

After pleading guilty in the court of common pleas of the state of Ohio to the offense of stealing an automobile and operating a motor vehicle without the consent of the owner, defendant served a term in the Ohio state reformatory at Mansfield, Ohio.

Defendant relies for reversal of the judgment upon this proposition:

*There is no substantial evidence to sustain the trial court's finding that (a) he was previously convicted of a felony or (b) he served a term in a penal institution.*

This proposition is untenable. We have examined the record and find there was substantial evidence considered in connection with such inferences as the trial judge may have reasonably drawn therefrom to sustain the finding of facts set forth above. For example:

(a) Section 12372 of Patterson's Wilson's Criminal Code (1918) of the state of Ohio provides that any offense punish-

able by imprisonment in the penitentiary is a felony and section 12448 of the same code provides imprisonment in the penitentiary as the penalty for conviction of the crime of stealing an automobile. The courts of California take judicial notice of the laws of a sister state. (Sec. 1875, subd. 3, Code Civ. Proc.; *People* v. *Howard*, 16 Cal. App. (2d) 349, 352 [60 Pac. (2d) 336].) It is therefore clear that defendant plead guilty in the state of Ohio to a felony.

(b) There was introduced in evidence a certificate of the superintendent of the Ohio state reformatory, in which it was stated that defendant had served a term in such institution designated as "a penal institution of the State of Ohio". This is evidence that defendant served a term in a penal institution.

For the foregoing reasons the judgment and order appealed from are and each is affirmed.

Crail, P. J., and Wood, J., concurred.